961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marcella TAYLOR, et al., Plaintiff-Appellant,
v.
BURGER KING RESTAURANT, INC.; City of Cleveland; and
Various Unnamed Police Officers, Defendants-Appellees.
 No. 91-3788.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1992.
 
 Before KENNEDY and SILER, Circuit Judges and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff appeals the District Court's dismissal of her civil rights action on the basis of res judicata.[1] Because we find the appeal to be without merit, we AFFIRM.
 
 
 2
 The plaintiff in this case first filed suit, based on events of June 18, 1988, in Cuyahoga Common Pleas Court on October 17, 1988. The plaintiff voluntarily dismissed that lawsuit, without prejudice, on February 16, 1989. On March 21, 1989, plaintiff refiled basically the same action in Federal District Court. The plaintiff never attempted or perfected service of process on the defendants. After a year of inactivity by the plaintiff on the case, the district judge entered an order informing plaintiff that her complaint would be dismissed with prejudice for want of prosecution within thirty days unless action was taken. Subsequent to this order, the plaintiff mailed a copy of the complaint to the defendants but served no summons. The district judge dismissed the case with prejudice on May 24, 1990.[2] No appeal was taken from that judgment nor was any motion to set aside the dismissal made. On May 14, 1991, plaintiff refiled the same complaint in the Federal District Court. On motion of the defendants, the District Court judge entered an order dismissing the complaint with prejudice on the ground that the previous dismissal constituted a bar to the complaint under the doctrine of res judicata.
 
 
 3
 Plaintiff has filed a deceptive and misleading brief on appeal. In the brief's statement of issues, plaintiff's counsel asserts that this is an appeal from Fed.R.Civ.P. 41(b), involuntary dismissal for failure to prosecute. The brief fails to mention the filing or disposition of the third complaint and instead argues that the district judge erred in dismissing the second complaint with prejudice. The time for appealing the dismissal of the second complaint has long since expired. An involuntary dismissal for failure to prosecute operates as "an adjudication upon the merits," under Fed.R.Civ.P. 41(b), unless otherwise noted by the deciding judge. Here, where no such notation was made, the doctrine of res judicata applies to bar all further complaints. We AFFIRM the decision of the District Court. Defendants are awarded double costs for a frivolous appeal.
 
 
 
 [1]
 Fed.R.App.P. 3(c) states that a notice of appeal must specify the party or parties making an appeal. This Court has determined that the use of the term "et al" is insufficient to preserve issues on appeal for parties not listed by name. Minority Employees of Tennessee Dep't. of Employment Security v. Tennessee Dep't. of Employment Security, 901 F.2d 1327, 1330 (6th Cir.) (en banc), cert. denied sub. nom., Davis v. Tennessee Dep't. of Employment Security, 111 S.Ct. 210 (1990). The plaintiffs in this case filed their notice of appeal under the caption of "Marcella Taylor, et al." Marcella Taylor therefore is the only plaintiff who has preserved the issues in this case for appeal
 
 
 [2]
 Counsel for the appellees failed to provide a copy of the order of judgment dismissing the complaint with prejudice. However, they did supply a copy of the docket entries with their motion to dismiss. The docket entries indicate that the case was dismissed with prejudice. At oral argument, counsel concedes that it was dismissed with prejudice